UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIE BOLDEN,

        Plaintiff,

    v.

O. ARANA,

        Defendant.

Case No. 17-cv-05607-PJH

**ORDER ON MOTIONS**

Re: Dkt. Nos. 19, 21

Plaintiff proceeds with a pro se civil rights action.  Plaintiff filed a motion to compel and a short time later defendant filed a motion for summary judgment.  Defendant also seeks to stay discovery until the court rules on the summary judgment motion.  Plaintiff has filed an opposition to the motion for a stay.

A district court has broad discretion to stay discovery pending the disposition of a dispositive motion.  *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976); *Hovermale v. School Bd. of Hillsborough County*, 128 F.R.D. 287, 289 (M.D. Fla. 1989). But it is an abuse of that discretion to stay discovery if plaintiff is denied discovery that relates to the motion.  *See Scroggins*, 534 F.2d at 1133.

In this case plaintiff alleges that defendant searched his cell and confiscated several items.  Plaintiff stated he would file an administrative grievance if the items were not returned and he alleges that defendant responded, "I'll get you for that."  Plaintiff states that he was found not guilty as a disciplinary hearing but defendant had the verdict changed to guilty in retaliation for plaintiff's grievance.

Defendant previously informed plaintiff and the substance of the motion for

summary judgment states that defendant did not perform any cell search of plaintiff's cell, does not know plaintiff, and was not working in that housing block in the prison for that entire month. Defendant has included as exhibits employee records and sign in sheets that reflect defendant was working at an entirely different area of the prison the date the incident occurred and for that entire month. Defendant contends that his name was erroneously placed in a prison report identifying him as the correctional officer at issue. The prison official who prepared the report states it was a mistake in a declaration attached to the summary judgment motion. However, the prison official in the declaration failed to identify the correct correctional officer.

The sole issue in the motion for summary judgment is the identity of defendant and if he was the correctional officer involved in the incident. The court has reviewed the motion to compel and plaintiff's requests do not concern the issue of identity. Defendant has denied being involved and has provided the various work records and sign in sheets in the motion for summary judgment. Plaintiff's discovery requests are not related to the substance of the summary judgment motion and discovery is stayed pending resolution of the summary judgment motion which will be reviewed in due course.

## CONCLUSION

1. Defendants' motion to stay discovery (Docket No. 21) is **GRANTED**. The stay is in effect until the motion for summary judgment is resolved.

2. Plaintiff's motion to compel (Docket No. 19) is **DENIED** without prejudice. Plaintiff may re-notice the motion if the summary judgment motion is denied.

**IT IS SO ORDERED.**

Dated: July 18, 2018

PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIE BOLDEN,

        Plaintiff,

   v.

O. ARANA,

        Defendant.

Case No. 17-cv-05607-PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 18, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Willie Bolden ID: E-94314
San Quentin State Prison
1 Main Street
San Quentin, CA 94964

Dated: July 18, 2018

Susan Y. Soong
Clerk, United States District Court

By:_____
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON