UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE BOLDEN,<br><br>    Plaintiff,<br><br>v.<br><br>O. ARANA,<br><br>    Defendant. | Case No. 17-cv-05607-PJH<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 20, 30 |

This is a civil rights case brought pro se by a state prisoner under 42 U.S.C. § 1983. His claims arise from his detention at San Quentin State Prison ("SQSP"). Defendant has filed a motion for summary judgment. Plaintiff has filed an opposition and defendant has filed a reply. For the reasons set forth below, the motion for summary judgment is granted.

**Motion for Summary Judgment**

**Legal Standards**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. *Id.* If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (same).

**Background**

In this case plaintiff alleges that on December 21, 2016, a correctional officer searched his cell and confiscated several items. Plaintiff stated he would file an administrative grievance if the items were not returned and he alleges that the correctional officer threatened him, stating, "I'll get you for that." Complaint at 7. According to plaintiff, the correctional officer later learned that plaintiff was found not guilty at a Rules Violation Report ("RVR") disciplinary hearing and stated, "[n]o way. I'll fix that." Complaint at 8. The correctional officer, according to plaintiff, immediately spoke with the hearing officer and plaintiff was found guilty of the violation. Plaintiff further alleges that the correctional officer then stated, "I warned you I'd get you." *Id.*

2

Plaintiff named O. Arana, the correctional officer at issue, as the sole defendant in this case. O. Arana was identified in the paperwork for the RVR as the correctional officer involved. Opposition (Docket No. 23) Ex. A4-A7.

The court ordered service on November 2, 2017. Defendant O. Arana filed this motion for summary judgment on May 29, 2018. The motion includes a declaration from a correctional lieutenant who stated that the RVR paperwork contained a mistake and that O. Arana was not the correctional officer involved in the incident and did not appear at the RVR hearing. Motion for summary judgment ("MSJ'), Rojas Decl. ¶ 3.

Defendant's attorney previously informed plaintiff of this error in discovery responses. Docket No. 21 at 2. However, neither defendant's attorney or correctional staff at SQSP provided plaintiff with the correct identity of the correctional officer involved for plaintiff to amend the complaint. Nor does it appear that a corrected RVR was provided to plaintiff with the correct name. Plaintiff filed a motion to compel discovery that contained many requests, including requests for the names of people involved in the incident because defendant did not identify the actual correctional officer who was involved. Defendant filed a motion to stay discovery pending resolution of the motion for summary judgment. The court denied the motion to compel without prejudice and granted the motion to stay, noting that the motion for summary judgment only concerned whether defendant O. Arana was involved, and that discovery that he was not involved in the incident had been provided. The court also noted that defendant had failed to provide plaintiff with the name of the correct defendant.

In response to a recent order from the court, defendant has indicated that the correct defendant involved in this incident was S. Arana. Docket No. 29. Plaintiff has requested an extension to file an amended complaint. Docket No. 30.

**ANALYSIS**

During the relevant time, December 21, 2016, plaintiff was housed in the West Block at SQSP. Complaint at 6. Defendant's primary assignment was with the psychiatric inpatient infirmary. MSJ, Arana Decl. ¶ 2. Defendant worked at the infirmary

3

in December 2016. *Id.* at ¶¶ 2-4. Defendant's work records and sign-in sheets indicate he was working at the infirmary on December 21, 2016, and his supervisor confirmed that Defendant was not assigned to the West Block in December 2016. MSJ, Pitt Decl. ¶¶ 3-5; Cervantes Decl., Exs. A, B.

Plaintiff does not allege that he personally knows defendant and is aware that it was in fact defendant who was involved. Plaintiff argues that defendant was identified in the paperwork. Opposition at 7-8. Plaintiff notes that had he been provided with the name of the correct correctional officer he would have amended the complaint. Opposition at 11.

This motion for summary judgment concerns defendant's identity. Defendant has met his burden in demonstrating the absence of a genuine issue of material fact as to whether he is the proper defendant. The work records and sign-in sheets demonstrate that defendant was working in the infirmary on the day of the incident and was not in the West Block where plaintiff was located, and the incident occurred. Plaintiff has failed to show that there is a genuine issue for trial. Plaintiff does not allege that he knows defendant and recognizes him as the correctional officer in question. Plaintiff only relies on the paperwork that identified defendant. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380-83 (2007). In this case, plaintiff has failed to present sufficient evidence that defendant O. Arana was the correctional officer involved. Defendant has now provided the identity of the appropriate correctional officer involved and plaintiff indicates he wishes to amend the complaint. Therefore, summary judgment is granted as to defendant O. Arana.

**CONCLUSION**

1. For the reasons set forth above, the motion for summary judgment (Docket No. 20) is **GRANTED** and O. Arana is **DISMISSED** from this case.

2. Plaintiff's motion for an extension of time to amend the complaint to name S.

4

Arana as defendant (Docket No. 30) is **GRANTED**.  Plaintiff may file an amended complaint with the name of the correct defendant by **November 5, 2018**.  Plaintiff's request for sanctions is **DENIED.**

**IT IS SO ORDERED.**

Dated: October 23, 2018

PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE BOLDEN,<br><br>        Plaintiff,<br><br>    v.<br><br>O. ARANA,<br><br>        Defendant. | Case No. 17-cv-05607-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 23, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Willie Bolden ID: E-94314
San Quentin State Prison
1 Main Street
San Quentin, CA 94964

Dated: October 23, 2018

Susan Y. Soong
Clerk, United States District Court

*Kelly Collins*
_____
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON