United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE BOLDEN,<br>　　　　Plaintiff,<br>　　v.<br>S. ARANA,<br>　　　　Defendant. | Case No. 17-cv-05607-PJH<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>Re: Dkt. Nos. 40, 50, 52 |

This is a civil rights case brought pro se by a state prisoner under 42 U.S.C. § 1983. His claims arise from his detention at San Quentin State Prison ("SQSP"). Plaintiff alleges that the sole defendant in this case, Correctional Officer Arana, searched his cell and confiscated several items. Plaintiff alleges that he told defendant that he would file an administrative grievance if the items were not returned to him and in response defendant threatened him, stating, "I'll get you for that." Later, after defendant learned that plaintiff was found not guilty at a Rules Violation Report ("RVR") disciplinary hearing, defendant stated, "[n]o way. I'll fix that," according to plaintiff, and immediately spoke with the hearing officer. Plaintiff was found guilty of the violation. Plaintiff further alleges that defendant then stated, "I warned you I'd get you." The court ordered service on plaintiff's claim of retaliation.

Presently pending is plaintiff's motion to compel discovery. Defendant filed an opposition and plaintiff filed a reply. For the reasons set forth below, the motion to compel is denied.

**MOTION TO COMPEL**

**LEGAL STANDARD**

The Federal Rules of Civil Procedure allow liberal discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34, (1984). The party resisting discovery has the burden of establishing lack of relevance or undue burden. *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997). The resisting party must demonstrate that the documents sought are not relevant under the broad scope of relevance provided by Rule 26(b)(1), or that the documents are "of such marginal relevance that the potential harm occasioned by disclosure would outweigh the ordinary presumption in favor of broad disclosure . . . ." *Burke v. New York City Police Dep't.*, 115 F.R.D. 220, 224 (S.D.N.Y. 1987). A recitation that the discovery request is "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). The party resisting discovery must instead "'show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.'" *Id.* (omission in original).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. *See, e.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Mitchell v. Felker*, No. CV 08-119 RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.

Before filing a motion to compel, the moving party must first attempt to resolve the dispute informally with the opposing party. It is only when the parties are unable to resolve the dispute after making a good faith effort to do so that they should seek the court's intervention. *See* Fed. R. Civ. P. 37(a)(2)(B); N.D. Cal. Local Rule 37-1. Because plaintiff is incarcerated, he is not required to meet and confer with defendant in person.

2

Rather, if defendant denies plaintiff's discovery requests and if he intends to pursue a motion to compel, he need only send a letter to defendant to that effect, offering him one last opportunity to provide him the sought-after information. The letter should state the specific discovery he seeks and the reasons that he believes he is entitled to such discovery.

**DISCUSSION**

Defendant first argues that plaintiff failed to properly follow the meet and confer process. In response to plaintiff's discovery requests, defendant served responses. Plaintiff sent defendant a letter expressing concerns with the responses, but he did not address which specific responses were at issue. Defendant responded with a letter noting the lack of specific details, but plaintiff failed to provide more specificity and did not state whether his concerns were with the requests for admissions, the requests for production of documents or both. Plaintiff only provided specific arguments with this motion to compel, which did not provide defendant an opportunity to provide the information requested, rather it has imposed the burden on the court. While plaintiff did fail to properly follow the meet and confer process, which could be adequate grounds to deny this motion, the court will discuss each discovery request in turn.[1]

**Interrogatories**

- Interrogatory No. 1: State the name and contact information of each person who prepared or assisted with the responses to these interrogatories. Docket No. 40 at 10.

Plaintiff has been provided with the answer to this interrogatory, so the request to compel an answer is moot.

- Interrogatory No. 4: State your education level and any degree received. Docket No. 40 at 10.

---

[1] Because the filings for this motion set forth the specific discovery request, defendant's responses and the arguments of the parties, the court will summarize the relevant information.

3

Plaintiff argues that this information is required to demonstrate that defendant had the capacity to understand that his conduct was wrong. Defendant notes that there is no element of a retaliation claim that defendant have a particular level of education. This request is not relevant to the case and the request to compel an answer is denied.

- Interrogatory No. 5: Provide information about any lawsuit you have been involved in over the last 10 years. Docket No. 40 at 10-11.

Plaintiff argues that this information would establish defendant's knowledge that his conduct violated plaintiff's rights. Defendant argues that this information is irrelevant to this case and overbroad. This request is quite overbroad as it involves all litigation defendant has been a party to, even if it has no bearing on the facts and issues of this case. Nor has plaintiff shown that any past litigation would have any bearing on the facts of this case. The request to compel this information is denied.

- Interrogatories Nos. 6-9: These interrogatories ask defendant to identify each denial of a material fact alleged in the complaint; state each affirmative defense; and provide the names and contact information of any person who has knowledge of such material fact or affirmative defense. It also requests all documents related to the denial of material facts or affirmative defenses. Docket No. 40 at 11-12.

Plaintiff argues that defendant did not file an answer and must cooperate with the discovery process. Defendant notes that pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(g), a defendant may waive a reply to the complaint. Defendant argues that he is exempt from responding to the complaint and that plaintiff's request circumvents the express instruction of the PLRA. Defendant also notes that the only allegation at issue in the action is that defendant retaliated against plaintiff, and defendant denies that it ever happened. Because the PLRA allows defendant to waive a reply and because defendant has denied that the retaliation occurred, these requests are denied. The other information plaintiff requests would be burdensome at this point in the litigation.

4

- Interrogatory Nos. 10-13: Provide the contact information of any person who contributed to the harms complained of by plaintiff; describe how he or she contributed; and identify all documents that support such a contention. Docket No. 40 at 12-13.

Defendant provided plaintiff answers to these interrogatories, contending that plaintiff was never harmed and therefore no others contributed to harming him. The request to compel further answers is moot.

- Interrogatory Nos. 14-19: Is your response to each request for admission served with these interrogatories an unqualified admission? If not, please specify and state all of your facts to support your response and identify all people who have knowledge with respect to your argument; identify all documents and the identities of who is in control of the documents. Docket No. 40 at 13-15.

Defendant answered that his response to each request for admission was not an unqualified admission. Plaintiff does not set forth objections to defendant's answer nor does plaintiff argue why the court should compel more detailed answers to these requests. He simply states that defendant's objections are not valid. This is insufficient for the court to compel defendant to answer in more detail.

- Interrogatory No. 20: Excluding your attorney provide the names and contact information for any person with whom you have communicated about this litigation. Docket No. 40 at 15.

Plaintiff argues that statements made by defendant are discoverable. Defendant answered that other than his attorney he did not communicate with anyone regarding this litigation. Because defendant answered this interrogatory, there is nothing to compel.

**Requests for Production**

- Production No. 1: All documents of settlements and judge/jury verdicts for the past ten years for each lawsuit you have been named a party to. Docket No. 40 at 17.

Plaintiff argues that this information would establish defendant's knowledge that his conduct violated plaintiff's rights. Defendant argues that knowledge of wrongdoing is not required to prove retaliation and that the request is overbroad and not proportional to the needs of the case. The request is denied. Plaintiff's request is quite overbroad, and it has no bearing on the facts and issues of this case.

- Production No. 2: Defendant's personnel file for the past five years concerning any matter where he was accused, counseled or censured for any threats or misconduct towards others. Docket No. 40 at 17.

Defendant has answered that there are no responsive documents so there is nothing to compel.

- Production No. 3: Every Rules Violation Report you defendant has authored over the past five years. Docket No. 40 at 18.

Defendant notes that providing these documents would involve other inmates' files and plaintiff has no right to access documents in other inmates' files as it would violate their right to privacy and the official-information privilege, negatively impacting the security of the institution. Plaintiff does not provide an argument why these documents are necessary other than stating that if defendant has a history of retaliation it would show that he knew his conduct violated plaintiff's rights. The request is denied because it would violate other inmates' right to privacy and because defendant's knowledge of wrongdoing is not an element of retaliation.

- Production No. 4: Every inmate appeal naming defendant over the last five years. Docket No. 40 at 18.

Defendant notes that plaintiff has no right to access documents in other inmates' files because it would violate their right to privacy. The request to compel production is denied for these reasons. The request is also overbroad because it covers all appeals over a five-year period regardless of any relevance to the facts of this case.

- Production No. 5: Every citizens complaint naming defendant that was submitted to the CDCR or the prison over the past five years by a non-

6

prisoner. Docket No. 40 at 18-19.

This request is also denied. Plaintiff has not shown how a citizen's complaint by a nonprisoner has any bearing on this case.

- Production No. 6: All documents related to Interrogatory Nos. 21-23. Docket No. 40 at 19. These interrogatories related to the reasons for the cell search that is the basis of this complaint.

Defendant responded that he was not aware of any such documents. Defendant stated that the search had been a standard random cell search and such searches are performed daily at all CDCR facilities. Because the was not aware of any documents at issue there is nothing to compel and this request is denied.

- Production No. 7: All documents related to Interrogatory No. 9. This interrogatory called for an answer to each material fact alleged in the complaint. Docket No. 40 at 19-20.

As noted above, pursuant to the PLRA, defendant waived a reply to the complaint. Defendant also states that no responsive documents were identified in the interrogatory; therefore, there are no documents to produce. This request is denied.

## CONCLUSION

1. Plaintiff's motion for leave to file a late reply (Docket No. 52) is **GRANTED** and the court has reviewed the filing. Plaintiff's motion for relief (Docket No. 50) is **DENIED** because defendant timely filed an opposition.

2. For the reasons set forth above, the motion to compel (Docket No. 40) is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 17, 2019

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge