United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE BOLDEN,<br><br>   Plaintiff,<br><br>  v.<br><br>S. ARANA,<br><br>   Defendant. | Case No. 17-cv-05607-PJH<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 57 |

This is a civil rights case brought pro se by a state prisoner under 42 U.S.C. § 1983. His claims arise from his detention at San Quentin State Prison. The sole defendant in this case, Arana, filed a motion for summary judgment and a reply. Plaintiff filed an opposition and a sur-reply. The court has reviewed all of the filings and for the reasons set forth below, the motion for summary judgment is granted.

**BACKGROUND**

In the original complaint (Docket No. 1) plaintiff stated that defendant threatened to retaliate against him if plaintiff filed a grievance, stating, "I'll get you for that." Docket No. 1 at 7. Plaintiff also claimed he was found not guilty at a disciplinary hearing but that after defendant said, "No way. I'll fix that," and plaintiff was then found guilty. *Id.* at 8. The court ordered service on these claims. Docket No. 8. After learning that plaintiff had identified the wrong defendant based on errors in the prison paperwork the court ordered summary judgment to that defendant and plaintiff has filed an amended complaint identifying the proper defendant and presenting the same allegations: threat of retaliation and retaliation. Docket No. 32. The court again ordered service stating that the allegations of retaliation were sufficient to proceed. Docket No. 34 at 3.

Defendant has filed a motion for summary judgment arguing that (1) there was no retaliation; (2) the allegations are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and (3) he is entitled to qualified immunity. Docket No. 57. Defendant also presents evidence that defendant did not interfere with the disciplinary finding. *Id.* at 5-6. Plaintiff does not refute this evidence about the disciplinary finding. Plaintiff states in his opposition that he has never argued that any retaliation took place, and that his is only claim is the threat of retaliation. Opposition ("Opp.") at 3, 7. He further states that the threat of retaliation had no bearing on the disciplinary hearing. *Id.* The court will only look to the merits of plaintiff's threat of retaliation claim.

Plaintiff's threat of retaliation claim stems from defendant's confiscation of plaintiff's property and plaintiff's requests for the return of the property. Docket No. 32 at 7.[1] Plaintiff informed defendant that he would file an inmate appeal if the property was not returned, and defendant replied, "I'll get you for that." *Id.* Defendant then returned a portion of the property. *Id.*

## MOTION FOR SUMMARY JUDGMENT

### Legal Standards

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986);

---

[1] The court has referred to page numbers in plaintiff's amended complaint as they are paginated in the court's electronic docketing system.

*Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. *Id.* If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (same); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985) (contention that actions "arbitrary and capricious" sufficient to allege retaliation). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

The mere threat of harm can be a sufficiently adverse action to support a retaliation claim. *Shepard v. Quillen*, 840 F.3d 686, 688-89 (9th Cir. 2016); *Brodheim v.*

3

*Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009). A retaliation claim can also be made by a prisoner for adverse actions against him for making written or verbal threats to sue, because such threats "fall within the purview of the constitutionally protected right to file grievances." *Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017) (district court erred in finding that prisoner did not state a First Amendment retaliation claim for prison's disciplinary actions against him for making threats of legal action if his grievances were not addressed).

**Facts**

A review of the record indicates that the following facts are undisputed unless otherwise noted:

Plaintiff was found in possession of two contraband cell phones on December 21, 2016. Docket No. 32 at 6-7. The phones were hidden in storage bins which also contained food and cosmetics, so defendant confiscated the storage bins as evidence. *Id.* at 7. Plaintiff states that at some point, either days or weeks later, plaintiff informed defendant that he would file an inmate appeal unless the storage bins and the personal property contained within them were returned. *Id.* Plaintiff states that defendant responded, "I'll get you for that." *Id.* Defendant disputes that plaintiff stated he would file a grievance or that he threatened him. Motion to Dismiss ("MTD"), Arana Decl. at 2. It is undisputed that defendant returned a portion of the property. Docket No. 32 at 7.

**ANALYSIS**

Viewing the evidence in a light most favorable to plaintiff, the court assumes that defendant stated, "I'll get you for that." Yet, it is still undisputed that no other adverse action was taken against plaintiff and that a portion of the property was returned to plaintiff after defendant made the statement. The court found the retaliation claim made in the original and amended complaints cognizable. This claim concerned plaintiff's allegations that defendant interfered in a disciplinary hearing, changing the verdict from not guilty to guilty and resulting in punishment. Now that defendant has presented evidence refuting that assertion and with plaintiff abandoning the allegations, there is less

4

evidence in this motion for summary judgment to support plaintiff's claims.

As noted by the case law above, a threat from a prisoner to take some action and a threat from a correctional officer in response can present a cognizable retaliation claim. Yet threats alone are not sufficient. There still must be evidence to support all the elements of a retaliation claim for plaintiff to survive summary judgment.

In plaintiff's complaint and amended complaint, he only briefly addresses all of the evidence to support the elements of a retaliation claim. In defendant's motion for summary judgment, defendant has met his burden in showing the absence of a genuine issue of material fact. In his summary judgment opposition and sur-reply, plaintiff again only cursorily discusses the entire claim. Plaintiff has failed to meet his burden to show a genuine issue of material fact to survive summary judgment. Assuming that defendant's threat alone was an adverse action in response to plaintiff's threat to pursue protected conduct and assuming that defendant's threat did not advance a legitimate penological goal, plaintiff has not met his burden in setting forth specific facts to show a genuine issue for trial regarding the chilling effect on the exercise of his First Amendment rights. Nor has plaintiff alleged any harm. In fact, a portion of his property was returned.

A prisoner must at least allege that he suffered harm, since harm that is more than minimal will almost always have a chilling effect. *Rhodes*, 408 F.3d at 567-68 n.11; see *Gomez v. Vernon*, 255 F.3d 1118, 1127-28 (9th Cir. 2001) (prisoner alleged injury by claiming he had to quit his law library job in the face of repeated threats by defendants to transfer him because of his complaints about the administration of the library). The prisoner need not demonstrate a total chilling of his First Amendment rights in order to establish a retaliation claim. *See Rhodes*, 408 F.3d at 568-69 (rejecting argument that inmate did not state a claim for relief because he had been able to file inmate grievances and a lawsuit). That a prisoner's First Amendment rights were chilled, though not necessarily silenced, is enough. *Id.* at 569 (destruction of inmate's property and assaults on the inmate were enough to chill inmate's First Amendment rights and state retaliation claim, even if inmate filed grievances and a lawsuit).

In this case, plaintiff does not allege that he suffered more than minimal harm. While he states that defendant's statement, "I'll get you for that," chilled his exercise of his First Amendment rights, he only states it when laying out the elements of the claim and does not elaborate or offer any evidence or allegations in support. Plaintiff has failed to meet his burden, and his single conclusory statement that his First Amendment rights were chilled, with no support, is insufficient to survive summary judgment. Moreover, an adverse action can be so insignificant that it "cannot reasonably be expected to deter protected speech." *Coszalter v. City of Salem*, 320 F.3d 968, 976 (9th Cir. 2003). Minor acts such as "bad mouthing" and verbal threats usually cannot reasonably be expected to deter protected speech and therefore do not violate a plaintiff's First Amendment rights. *See id.* at 975-76 (discussing *Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir. 1998)). But not all threats are nonactionable: If a person of ordinary firmness would have been chilled, a threat is actionable. "[T]he mere *threat* of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect." *Brodheim*, 584 F.3d at 1270. The threat need not be an explicit or specific threat of harm. Rather, the question for the court is whether a reasonable factfinder could interpret the statement as "intimating that some form of punishment or adverse regulatory action would follow." *See id.*

Even viewing the evidence in a light most favorable to plaintiff, defendant's statement, while improper, does not amount to the type of threat or intimidation of impending punishment sufficient to deter a person of ordinary firmness. *See Jenkins v. Caplan*, No. 02-5603 RMW (PR), 2012 WL 12904629, at *5-6 (N.D. Cal. March 30, 2012) (no chilling effect found for defendant's response to prisoner who needed to be housed with a nonsmoker, stating, "Fuck that, this is my building and I do what I want to do" and "If you don't like my [inappropriate conduct] what are you going to do about it?") (alteration in original), *aff'd* 548 F. App'x 505, 506 (9th. Cir. 2013). It is undisputed that defendant even returned a portion of the property at issue after making the threat to plaintiff. Defendant's return of the property after the threat and the fact that there were no

6

1 other repercussions further reinforce that the statement was a minor act that could not
2 reasonably be expected to deter protected speech. For all these reasons, defendant is
3 entitled to summary judgment.

**Qualified Immunity**

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The rule of "qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Defendants can have a reasonable, but mistaken, belief about the facts or about what the law requires in any given situation. *Id*. at 205. A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such a right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (overruling the sequence of the two-part test that required determining a deprivation first and then deciding whether such right was clearly established, as required by *Saucier*). The court may exercise its discretion in deciding which prong to address first, in light of the particular circumstances of each case. *Pearson*, 555 U.S. at 236.

Regarding the second prong, "A right is clearly established only if its contours are sufficiently clear that 'a reasonable official would understand that what he is doing violates that right.' In other words, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Carroll v. Carman*, 574 U.S. 13, 16 (2014) (citation omitted). The Supreme Court has repeatedly cautioned that courts should not define clearly established law at a high level of generality. *See White v. Pauly*, 137 S. Ct. 548, 552 (2017) (per curiam); *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (rejecting the Ninth Circuit's conclusion that the broad history and purposes of the Fourth Amendment

7

supported a finding that the right not to be arrested as a material witness in order to be investigated or preemptively detained was clearly established law); *see, e.g.*, *Kisela v. Hughes*, 138 S. Ct. 1148, 1154-55 (2018) (per curiam) (officer entitled to qualified immunity for shooting a woman who was armed with a large knife, was ignoring officers' orders to drop the weapon, and was within striking distance of her housemate; prior cases on excessive force did not clearly establish that it was unlawful to use force under these circumstances where officer may not have been in apparent danger but believed woman was a threat to her housemate); *White*, 137 S. Ct. at 552 (officer entitled to qualified immunity because there was no clearly established law prohibiting a reasonable officer who arrives late to an ongoing police action from assuming that officers already present had followed proper procedure, such as proving officer identification, before using deadly force).

The court has not found a constitutional violation, and, even if there was a violation, defendant would be entitled to qualified immunity. It would not be clear to a reasonable official that a minor action, like the threat made in this case, would reasonably be expected to deter protected speech and chill a person of ordinary firmness, especially after a portion of the property at issue had been returned. While the constitutional violation of retaliation arising from a threat is clearly established for purposes of qualified immunity, the aspects of this claim are not clearly established. In light of the many recent Supreme Court cases admonishing courts not to define clearly established law at a high level of generality, this court finds that even if there was a constitutional violation with defendant's minor act, the right was not clearly established that it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted, especially after a portion of the property was returned and plaintiff experienced no other repercussions. Defendant is entitled to qualified immunity.[2]

---

[2] Because the court has found that defendant is entitled to summary judgment on the merits and that he is entitled to qualified immunity, the court will not address the *Heck* argument. In addition, plaintiff has abandoned his argument regarding the disciplinary hearing.

8

# CONCLUSION

1. For the reasons set forth above, the motion for summary judgment (Docket No. 57) is **GRANTED**.

2. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 6, 2020

                                                /s/ Phyllis J. Hamilton
                                          PHYLLIS J. HAMILTON
                                          United States District Judge